## CIRCUIT COURT OF LOUDOUN COUNTY

Richardson

v.

Wheeled Coach Corp. et al.

August 21, 1990

Case No. (Law) 11209

By JUDGE THOMAS D. HORNE

On March 27, 1990, plaintiff filed the instant action for damages against Wheeled Coach Corporation arising out of an accident occurring on November 20, 1986.

A previous action against Wheeled Coach Corporation was commenced by filing in this Court on November 15, 1988. At the request of plaintiff, that action was nonsuited by Order of this Court, entered on November 14, 1989. A note in the file of November 15, 1988, indicated "no service(s) [sic] requested at this time."

Wheeled Coach was served through the Secretary of the Commonwealth with the Certificate of Compliance relating to such service having been filed with this Clerk of this Court on April 10, 1990. An Answer and Grounds of Defense was filed by Wheeled Coach Corporation on July 5, 1990. On July 16, 1990, plaintiff filed a Motion for Default judgment as to defendant Wheeled Coach Corporation, as well as a Motion to Strike Wheeled Coach's Answer and Grounds of Defense. On July 18, 1990, Wheeled Coach filed its Motion for Extension of Time to File An Answer and Grounds of Defense pursuant to Rule 1:9, Rules of the Supreme Court of Virginia.

The Court will grant the motion of Wheeled Coach and permit the late filing in this case. Conversely, the Motion for Default Judgment and the Motion to Strike the

Answer and Grounds of Defense of Wheeled Coach will be denied.

In exercising its discretion, pursuant to Rule 1:9, to extend the filing time for the filing of such responsive pleading, the Court considers the following to be significant:

1. Plaintiff has failed to show any lack of "good faith" on the part of Wheeled Coach in failing to file a timely response. There is no suggestion of a purposeful delay to gain an advantage or a callous or purposeful disregard of the Rules.

2. No prejudice will issue to the plaintiff by virtue of such an extension being granted in the case.

3. Any delay is attributable to the actions of counsel and not Wheeled Coach.

4. Judgment by default has not been recorded in this case.

5. The protracted history of the case would confirm active participation by defendant Wheeled Coach in prior proceedings.

Accordingly, Mr. Monahan may draw an Order granting the relief sought by Wheeled Coach and deeming such pleadings to have been properly filed pursuant to the discretion granted to this Court under Rule 1:9.